IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RAFEEQ AHMED, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-CV-00999-O-BP |
| § | |
| AIJAZ HUSSAIN, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendants' Motion to Dismiss (ECF No. 17) with Appendix in Support (ECF No. 18), filed February 16, 2018; Plaintiff's Response to Defendants' Motion to Dismiss (ECF No. 20), filed March 8, 2018; and Defendants' Reply in support of its Motion to Dismiss (ECF No. 22), filed March 22, 2018. Based upon a full review of the relevant pleadings on file and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendants' Motion to Dismiss with prejudice (ECF No. 17), and Plaintiff be given the opportunity to replead the disparate treatment claim.

**I.     BACKGROUND**

In his Amended Complaint, Rafeeq Ahmed ("Plaintiff") alleges that, on or about September 15, 2016, he was removed as area manager and allegedly experienced continued discriminatory treatment thereafter. ECF No. 14 at 2–3. Specifically, Plaintiff alleges that such employment actions were due to his age and in retaliation for Plaintiff's disagreement regarding his employer's marketing strategies. *Id.*

On September 21, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil

Rights Division alleging that Aijaz Hussain, Julie Burzynski, Cathy Revord, and UIF Corporation (collectively, the "Defendants") had unlawfully discriminated against him based on age under the Age Discrimination in Employment Act ("ADEA"). ECF No. 18 at 3.

Plaintiff commenced this action *pro se* by filing his Original Complaint on December 15, 2017. ECF No. 1. On January 12, 2018, Defendants appeared in the case and filed a Motion to Dismiss under Rule 12(b)(6). ECF No. 12. Thereafter, on February 2, 2018, Plaintiff filed his Amended Complaint (ECF No. 14).

II.     **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott,*

*M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co.*, 313 F.3d at 329; *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"); *Parker v. Allstate Ins. Co.*, Civ. A. No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation omitted)).

When a case involves a *pro se* party, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

3

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). However, if the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### III.    ANALYSIS

As an initial matter, neither Title VII, the ADA, nor the ADEA provides for individual liability for supervisory employees. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) ("[T]he ADEA provides no basis for individual liability for supervisory employees."); *Stoker-Hill v. Greyhound Lines, Inc.*, No. 3:08-CV-1456-L, 2009 WL 348274, at *4 (N.D. Tex. Feb. 11, 2009) ("It is clear from Plaintiff's Complaint that Walker and Douglas are supervisory personnel. Accordingly, to the extent Plaintiff seeks to assert an ADEA claim against Walker and Douglas, such claim will be dismissed with prejudice.") (citing *Stults*, 76 F.3d at 655). Accordingly, to the extent Plaintiff seeks to assert ADEA claims against Aijaz Hussain, Julie Burzynski, and Cathy Revord in their individual capacities, such claims should be dismissed with prejudice. *See id.* (citing 29 U.S.C. § 623(a)).

Defendants also seek dismissal of Plaintiff's disparate impact claims because Plaintiff allegedly failed to exhaust his administrative remedies before filing the instant complaint. ECF No. 17. In order to bring a disparate impact discrimination claim, a party must show that the employer had "(1) a facially neutral policy; (2) that, in fact, has a disproportionately adverse effect

on a protected class." *Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir. 2006) (citation omitted). Plaintiff alleges that he "suffered disparate impact" because Defendants awarded client leads to younger loan originators and because he was ultimately removed from his role as area manager. ECF No. 14 at 4. Defendants argue that the EEOC charge does not refer to a facially neutral policy that disproportionately impacts older workers. ECF No. 17 at 7. Further, Defendants argue that "a charge that complains of only past incidents of disparate treatment and does not identify a neutral employment policy does not exhaust a disparate impact claim." *Id.*

A condition precedent for bringing suit under the ADEA is the timely filing and exhaustion of an EEOC charge. *Walton-Lentz v. Innophos, Inc.*, 476 Fed. App'x 566, 569 (5th Cir. 2012) (citing 29 U.S.C. § 626(d)). The Fifth Circuit has held that "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *see also Kojin v. Barton Protective Services*, 339 F. Supp. 2d 923, 926 (S.D. Tex. 2004) ("Under both Title VII and the ADEA, a lawsuit stemming from EEOC charges is limited in scope to the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination."). Thus, the Court must determine whether Plaintiff's charge provides enough information such that a resulting EEOC investigation would have touched upon the facially neutral, but actually discriminatory, employment policy Plaintiff alleges resulted in disparate impact.

In his Complaint, Plaintiff alleges that Defendant Hussain requested Plaintiff to train a younger employee who ultimately replaced Plaintiff as area manager. ECF No. 14 at 3–4. In response to Defendants' Motion, Plaintiff argues that "during the discovery process, it can be proofed that the policy of lead distribution was just a facially neutral employment policy which

resulted in disparate impact for Plaintiff." ECF No. 20 at 8. Based on Plaintiff's pleadings, the undersigned cannot find that an employment policy exists which adversely effects a protected class—all of Plaintiff's arguments center on certain actions involving Plaintiff only. *See Owen v. Stmicroelectronics, Inc.*, No. 3:15-CV-1186-B, 2016 WL 2757368, at *3 (N.D. Tex. May 12, 2016). Accordingly, "[t]o permit a disparate impact claim to be raised at this point would be to circumvent the EEOC's investigatory and conciliatory role." *Id.* (citation omitted)*; see also Walker v. New Beginning Ctr.*, No. 3:09-CV-925, 2010 WL 2403723, at *3 (N.D. Tex. June 14, 2010); *Oinonen v. TRX, Inc.*, No. 3:09-CV-1450, 2010 WL 396112, at *2 (N.D. Tex. Feb. 3, 2010). Therefore, because Plaintiff failed to exhaust his administrative remedies on his disparate impact claim, the undersigned recommends dismissal with prejudice on this ground.

In regards to Plaintiff's retaliation claim, he alleges that Defendant Hussain retaliated against him when Plaintiff complained about certain company marketing strategies. ECF No. 14 at 3–4. Defendants argue that Plaintiff fails to make a *prima facie* case of retaliation. ECF No. 17 at 8–9. Upon review of the EEOC charge and questionnaire, it is clear that Plaintiff failed to check the retaliation box on either EEOC documents. ECF Nos. 15 at 2; 18 at 3. *Stevenson v. Verizon Wireless (VAW) LLC*, No. 3:08–cv–168–G, 2009 WL 129466, at *4 (N.D. Tex. Jan.16, 2009) (dismissing plaintiff's claims for failure to exhaust administrative remedies because plaintiff failed to check the boxes that would indicate defendant's discriminatory actions); *Hayes v. MBNA Tech., Inc.,* 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (dismissing a retaliation claim where plaintiff failed to check retaliation box on her EEOC charge and did not mention the word retaliation or explicitly assert retaliatory-type conduct in the attachment to her EEOC questionnaire). Accordingly, Plaintiff has failed to exhaust his administrative remedies as to his claim for retaliation. The undersigned therefore recommends dismissal of this claim.

6

In addition, Defendants seek to dismiss Plaintiff's claim for punitive damages, as punitive damages are prohibited under the ADEA and retaliation claims. ECF No. 17 at 10. In response, Plaintiff argues that punitive damages are an available remedy under Title VII. ECF No. 20 at 6. However, as Defendants argue, Plaintiff only stated an age-discrimination claim on his EEOC charge. ECF No. 17 at 8. Unlike Title VII, the ADEA does not provide for punitive damages. *See Dean v. American Security Ins. Co.*, 559 F.2d 1036, 1039 (5th Cir. 1977) (holding that punitive damages are not available under the ADEA); *Owen v. Stmicroelectronics, Inc.*, No. 3:15-CV-1186-B, 2016 WL 2757368, at *3 (N.D. Tex. May 12, 2016) (holding that punitive damages are not recoverable under the ADEA). Accordingly, Defendants' Motion should be granted as it pertains to Plaintiff's request for punitive damages under the ADEA.

While it appears that Plaintiff's Complaint focused on disparate impact and retaliation claims, the undersigned notes that Plaintiff's pleadings also includes allegations of disparate treatment. The issue is whether the disparate treatment claim is properly before the Court. The Fifth Circuit in *Rogers v. Pearland* reached the merits of a disparate treatment claim even though the plaintiff's complaint focused solely on a disparate impact claim. 827 F.3d 403, 407 (5th Cir. 2016) ("[B]ecause Rogers raised his disparate treatment assertion early enough for the School District to respond, and for the district court to rule on its merits, the disparate treatment issue is properly before us.").

Disparate treatment age discrimination involves an employment action that treats an individual employee worse than other employees based upon the individual employee's age. *Richardson v. Porter Hedges, LLC*, 22 F. Supp. 3d 661, 665 (S.D. Tex. 2014). To establish a *prima facie* disparate treatment claim under the ADEA, Plaintiff must show that "(1) [he was] within the protected class; (2) [he was] qualified for the position; (3) [he] suffered an adverse employment

7

decision; and (4) [he was] replaced by someone younger or treated less favorably than similarly situated younger employees (i.e., suffered from disparate treatment because of membership in the protected class)." *Smith v. City of Jackson, Mississippi*, 351 F.3d 183, 196 (5th Cir. 2003) (citations omitted). "That is, regardless of how much younger his replacement is, a plaintiff in the protected class may still establish a *prima facie* case by producing evidence that he was [not chosen for the position] because of his age." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004) (internal quotations and citations omitted).

In his EEOC charge, Plaintiff asserts that he was removed as manager and treated differently based on his age. ECF No. 18 at 3. While these bare allegations do not establish a *prima facie* case of a disparate treatment claim, Plaintiff is not required to establish a *prima facie* case of disparate treatment at this stage in the case. *See Owen*, 2016 WL 2757368, at *5 (citations omitted). In addition, Plaintiff has asserted well-pleaded facts sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)). Given the fact that Plaintiff is *pro se*, Plaintiff should have the opportunity to replead his disparate treatment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion to Dismiss (ECF No. 17) with prejudice. If Plaintiff wishes to replead his disparate treatment claim, he shall do so within the fourteen days allotted for objections to this Findings, Conclusions, and Recommendation, or a deadline otherwise set by the Court.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed April 18, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE